UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TRUSTEES of the LEATHER GOODS, PLASTICS, HANDBAGS AND NOVELTY WORKERS' UNION LOCAL 1, JOINT RETIREMENT FUND,

                       Plaintiffs,

v.

AVENUE J. FISH CENTER INC.; MOSES FALKOWITZ; XYZ CORPORATIONS (1-10); and JOHN AND JANE DOES (1-10)

                       Defendants.

**COMPLAINT**

Plaintiffs, the Trustees (the "Trustees") of the Leather Goods, Plastics, Handbags and Novelty Workers' Union Local 1 Joint Retirement Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Avenue J. Fish Center Inc. ("Avenue J"), Moses Falkowitz ("Falkowitz"), fictitious entities XYZ Corporations (1-10), and fictitious individuals John and Jane Does (1-10), and allege as follows:

**I.     INTRODUCTION**

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the mass withdrawal termination of the Fund as of December 31, 2013.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Avenue J's allocated share of the Fund's unfunded vested benefits, accrued interest, liquidated damages, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because Avenue J, Falkowitz, and, upon information and belief, XYZ Corporations (1-10) and John and Jane Does (1-10) reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District and because Avenue J, Falkowitz, and, upon information and belief, XYZ Corporations (1-10) and John and Jane Does (1-10), reside and do business in this District.

## III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA § 3(37), 29 U.S.C. §§ 1002(37). The Fund is administered from 166 East Jericho Turnpike, Mineola, New York 11501.

7. The Trustees are trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Avenue J is a for-profit domestic corporation having its principal place of business at 1215 Avenue J, Brooklyn, New York 11230.

9. Defendant Falkowitz is an individual who, upon information and belief, is the President and 100% owner of capital stock in Avenue J, and was a sole proprietorship under

common control with Defendant Avenue J pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) at the time of the Fund's mass withdrawal termination.

10. Defendants XYZ Corporations (1-10) are fictitious entities whose identities are not currently known to the Trustees, but who, upon information and belief, were trades or businesses under common control with Defendant Avenue J pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) at the time of the Fund's mass withdrawal termination.

11. Defendants John and Jane Does (1-10) are fictitious individuals whose identities are not currently known to the Trustees, but who, upon information and belief, were sole proprietorships under common control with Defendant Avenue J at the time of the Fund's mass withdrawal termination pursuant to ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by Avenue J to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

12. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

13. Avenue J was party to a collective bargaining agreement (the "CBA") with the Leather Goods, Plastics, Handbags and Novelty Workers' Union Local 1, with respect to which the Fund was a third-party beneficiary. The CBA required Avenue J to remit contributions to the Fund on behalf of those employees covered by the CBA.

14. As of April 1, 2013, Avenue J ceased to have an obligation to contribute to the Fund, thereby effectuating a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

15. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated July 11, 2013, a true and correct copy of which is attached as

3

**Exhibit A**, the Fund provided Avenue J a calculation of its initial withdrawal liability, which was payable in quarterly installments of $1,050 commencing on or before September 9, 2013.

16. As of December 31, 2013, the Fund experienced a "mass withdrawal" termination within the meaning of 29 C.F.R. § 4001.2 and ERISA § 4041A(a)(2), 29 U.S.C. § 1341A(a)(2).

17. As a result of the Fund's termination, all employers that had withdrawn from the Fund within the three years preceding the termination, such as Avenue J, would have their initial withdrawal liability recalculated to include both redetermination liability and reallocation liability in accordance with ERISA § 4219(c)(1)(D), 29 U.S.C. § 1399(c)(1)(D) and 29 C.F.R. § 4219.11 to 12.

18. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated May 29, 2014, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Avenue J that its redetermination liability was calculated to be $171,319. In the letter, the Fund advised Avenue J that it should continue to remit quarterly installments of $1,050 in accordance with the initial assessment, and that it was required to make these payments in perpetuity.

19. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated January 29, 2016, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Avenue J that its reallocation liability was calculated to be $171,527, making the total amount of its outstanding withdrawal liability $362,829. In the letter, the Fund advised Avenue J that it should continue to remit quarterly installments of $1,050 in accordance with the initial assessment, and that it was required to make these payments in perpetuity.

20. To date, Avenue J has not made any quarterly payments.

21. After having not received twenty (20) quarterly payments totaling $21,000 that were due between December 2013 and September 2018, in accordance with ERISA § 4219(c)(2) to (5), 29 U.S.C. § 1399(c)(2) to (5), by certified letter dated December 7, 2018, a true and correct copy of which is attached as **Exhibit D**, the Fund notified Avenue J that it was in default of its withdrawal liability obligations, and offered it an opportunity to cure the default within sixty (60) days.

22. After not having received the demanded payment, in accordance with ERISA § 4219(c)(5) and (c)(6), 29 U.S.C. § 1399(c)(5) and (c)(6), by certified letter dated February 22, 2019, a true and correct copy of which is attached as **Exhibit E**, the Fund notified Avenue J that it remained in default of its withdrawal liability obligations, and that the Fund had elected to accelerate Avenue J's withdrawal liability and to assess interest on the total outstanding amount. The Fund demanded immediate payment of the outstanding amount of withdrawal liability plus accrued interest.

23. More than sixty (60) days have elapsed since Avenue J's receipt of the notice of default dated December 7, 2018, and Avenue J has failed to remit the withdrawal liability assessed by the Fund.

24. More than 180 days have elapsed since the Fund notified Avenue J of its initial withdrawal liability on July 11, 2013, its redetermination liability on May 29, 2014, and of its reallocation liability on January 29, 2016, and Avenue J has failed to initiate arbitration proceedings pursuant to ERISA § 4221(a), 29 U.S.C. § 1401(a).

25. Because Avenue J has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), its liability is incontestable, and it is liable to pay to the Fund its accelerated withdrawal liability.

26. Plaintiffs, the Trustees of the Fund, demand judgment against Defendant Avenue J for $397,276.55 for the outstanding amount of its allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by Moses Falkowitz to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

27. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

28. As of April 1, 2013 and December 31, 2013, Falkowitz, upon information and belief, was the President and 100% owner of capital stock in Avenue J.

29. As of April 1, 2013 and December 31, 2013, Falkowitz, upon information and belief, was the owner of several condominiums that earned rental income in Monroe, New York, including 59 Forest Road, Unit 203; 20 Chevron Road, Unit 202; 22 Chevron Road, Unit 202; and 8 Toltchav Way, Unit 201.

30. Accordingly, Falkowitz is a sole proprietorship under common control with Avenue J within the meaning of ERISA § 4001(b)(1), 20 U.S.C. § 1301(b)(1), and constitutes a single employer for purposes of withdrawal liability.

31. As such, Falkowitz is personally liable for Avenue J's outstanding withdrawal liability.

32. Plaintiffs, the Trustees of the Fund, demand judgment against Falkowitz for $397,276.55 for the outstanding amount of Avenue J's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an

additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT III

### Controlled Group Liability Owed by XYZ Corporations (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

33. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

34. Defendants XYZ Corporations (1-10), upon information and belief, are trades or businesses that were under common control with Avenue J within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

35. As such, Defendants XYZ Corporations (1-10) are jointly and severally liable with Avenue J for Avenue J's outstanding withdrawal liability.

36. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants XYZ Corporations (1-10) for $397,276.55 for the outstanding amount of Avenue J's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

## COUNT IV

### Controlled Group Liability Owed by John and Jane Does (1-10) to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

37. The Trustees repeat and reallege the foregoing allegations as if fully set forth herein.

38. Defendants John and Jane Does (1-10), upon information and belief, are sole proprietorships that were under common control with Avenue J within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and constitute a single employer for purposes of withdrawal liability.

39. As such, Defendants John and Jane Does (1-10) are jointly and severally liable with Avenue J for Avenue J's outstanding withdrawal liability.

40. Plaintiffs, the Trustees of the Fund, demand judgment against Defendants John and Jane Does (1-10) for $397,276.55 for the outstanding amount of Avenue J's allocated share of the unfunded vested liabilities of the Fund (including interest accrued through February 22, 2019), as well as an additional amount to be determined of interest, liquidated damages, attorneys' fees and costs, and all other relief that the Court may deem just and appropriate.

Dated:  March 26th, 2019                     **PROSKAUER ROSE LLP**

                                             By:  **/s/ Neil V. Shah**
                                                  Neil V. Shah
                                             One Newark Center
                                             1085 Raymond Boulevard
                                             Newark, NJ 07102
                                             (973) 274-3205
                                             nshah@proskauer.com

                                             *Counsel for the Plaintiffs*